226 So.2d 211 (1969)
William H. PATTERSON and Mrs. Mattie L. H. Patterson, Individually and for the Use and Benefit of their minor daughter, Gwendolyn Elaine Patterson
v.
RECREATION AND PARK COMMISSION FOR THE PARISH OF EAST BATON ROUGE.
No. 7753.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Rehearing Denied September 2, 1969.
*213 Johnnie A. Jones, Baton Rouge, for appellant.
Sargent Pitcher, Jr., Dist. Atty., and Cyrus J. Greco, Asst. Dist. Atty., Baton Rouge, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
LANDRY, Judge.
Plaintiffs, William H. Patterson and Mattie L. H. Patterson, appeal the judgment of the trial court rejecting their demands for damages for personal injuries sustained by their minor daughter, Gwendolyn Elaine Patterson, and medical expense incident to treatment thereof. The injuries occurred on a public park or playground known as Progress Park and operated by defendant Recreation and Park Commission for the Parish of East Baton Rouge (Commission). The child was hurt when she fell from a 50 gallon litter barrel or drum. At the time of the mishap the child was voluntarily engaging in a game known to children as "walking the barrel", a form of childish entertainment hereinafter explained in more detail.
Appellants make two primary contentions both of which were found by the trial court to be without merit. First, it is alleged the Commission was negligent in utilizing such a container for waste disposal purposes without securing it so that it could not be used by small children in an inherently dangerous manner. Alternatively, application of the attractive nuisance doctrine is urged. We find no error in the conclusions of the trial court and affirm its decision.
The facts of this lawsuit are undisputed. The accident occurred at approximately 3:30 P.M., Sunday, July 4, 1965, on the park premises situated across the street from plaintiffs' residence. The recreation area is designated a "night time park" in that it is operated from 4:00 to 9:00 P.M. daily, Monday, through Friday, during which time it is presided over and supervised by at least one Commission employee. During the remaining days and hours of the week, no supervision of the unfenced facility is provided by defendant. Admittedly, defendant was aware the park was used by children in the area on those days and during the hours when the recreation ground was not "officially open". At the time of the accident in question no employee or representative of the Commission was present.
Plaintiffs concede their fourteen year old daughter "is of exceptional intelligence. She is a very bright child." On the day in question, the young girl and two or three acquaintances visiting in plaintiff's home were attracted to the playground across the street by the noise and laughter of children at play. Gwendolyn and her guests observed other children engaged in the game of "walking the barrel" and decided to participate therein. It appears the game is in essence a land adaptation of the sport or art of "log rolling" in that a barrel is placed on its side and the children attempt to stand erect upon it and walk thereon by spinning or twirling the barrel beneath them with their feet. The object of the game is to maintain one's balance and remain atop the barrel "walking" thereon for the longest possible time, a feat obviously entailing considerable physical coordination and pedal dexterity. As explained by one of several eye witnesses to the accident who had previously seen the children so engaged in play, when children *214 walk a barrel "They get on it and it rolls and they still be on it. That is what they say, walking the barrel."
In attempting to "walk the barrel", Gwendolyn fell backward to the ground and sustained a rather severe shoulder injury. The accident was witnessed by two or three adults seated on their porches across the street. Until the mishap occurred, these adults considered the antics of the children somewhat amusing although each testified they had warned their own offspring of the danger of possible injury resulting from play of this nature.
We first dispose of appellant's contention the doctrine of attractive nuisance is applicable herein. In so arguing, counsel for plaintiffs relies primarily upon Commercial Union Fire Insurance Company v. Blocker, et al., La.App., 86 So.2d 760, which involved injuries sustained by a 12 year old boy playing upon a tractor parked overnight at the site of a housing project. As stated in the cited authority, the fundamental concept of the attractive nuisance doctrine is that the offending condition, circumstance or contrivance although apparently dangerous to adults of discretion, is nevertheless so enticing and alluring as to be calculated to excite the curiosity of children of tender years to the extent of inducing them to utilize the instrumentality in some childish endeavor, the inherent danger of which the child is incapable of comprehending. However, it is well settled that the attractive nuisance theory of tort law is applicable only where the child is technically a trespasser upon the defendant's property. In Schultz v. Kinabrew, La.App., 177 So. 450, a child of an occupant of an apartment complex sustained facial burns from handling a can of lye left by the janitor on the pavement outside the boiler room. The court held the doctrine of attractive nuisance inapplicable under the circumstances. In so concluding, the court made the following remarks which we deem peculiarly applicable to the case at hand:
"Pretermitting the consideration of that point for the moment, it is pertinent to note that the plaintiffs contend that the attractive nuisance doctrine governs the case. Likewise, counsel for the defendants suggests that, unless we hold that the can of lye is an attractive nuisance, there can be no recovery. But these postulations are erroneous because that doctrine applies only in cases where the injured child is technically a trespasser upon the defendant's property. The theory of the imposition of liability in cases falling within the attractive nuisance principle is that, although the danger of the object or device is apparent to those who have reached years of discretion, the object itself is so enticing and alluring to children of tender years as to induce them to approach, get upon or use it and that this attractiveness amounts to an implied invitation to such children. Corpus Juris, vol. 45, pp. 760 and 761, states: `According to this view, children who are thus induced to enter upon the premises or use the dangerous instrumentality do not become trespassers, and the owner or person in charge owes to them, the same as to other invitees, the duty to exercise ordinary care to render the premises reasonably safe for them, and ordinary care in such circumstance can be exercised only by taking into consideration the propensities of the children who play there, the ability of such children to appreciate the danger, and their power to avoid it.'
In the case at bar, the child was not a trespasser but was a lawful occupant of the premises on which the can of lye was located. While it is true that liability in a case such as this may be said to be closely akin to the underlying rule governing attractive nuisances, the gravamen of responsibility is nevertheless primarily founded upon article 2317 of the Civil Code, which declares that every one is liable for the damage caused by things we have in our custody. We find that the facts of the case at bar are strikingly *215 similar to those in the case of Hunt et ux. v. Rundle, 10 La.App. 604, 120 So. 696, where liability was imposed against a plumber whose workmen stored gasoline under the plaintiffs' residence, when doing work on the premises, at a place where it was easily accessible to plaintiffs' children.
It is shown the park was in fact open to the public at all times, even during those days and hours when no supervision was provided by defendant. The facility was unfenced thus presenting a continuing invitation to children in the neighborhood to at all times avail themselves of the use of this publicly owned park. Defendant's employees who testified herein conceded knowledge of the fact the park was used daily by the children of the area during hours when the playground was not officially open and no effort was made to prevent their going upon the property during such intervals. Unquestionably the park was never "closed" in the sense that persons were forbidden its use during hours other than those when it was attended. Under the circumstances we unhesitatingly conclude plaintiffs' daughter was not a trespasser at the time of her injury. We conclude, therefore, the trial court properly held the doctrine of attractive nuisance inapplicable to the case at hand.
In view of defendant's alternative plea of contributory negligence, we pretermit all consideration of defendant's alleged negligence in leaving the barrel unsecured so that it could be used by small children in a dangerous manner.
The test to be applied to determine alleged contributory negligence of children is that the conduct must constitute a gross disregard of one's safety in the face of known, perceived and understood dangers. Stated otherwise, the rule is that a child may not be deemed guilty of contributory negligence barring his recovery for personal injuries unless he possesses the capacity to understand and appreciate the danger involved and despite said knowledge and perception exposes himself to peril. White v. Hanover Ins. Co., La.App., 201 So.2d 201.
It has been repeatedly held that normal children of ten to twelve years of age may be guilty of contributory negligence depending on the circumstances of each case. See for example, White v. Hanover Ins. Co., supra; Tate v. Hill, La.App., 197 So.2d 107; Cormier v. Sinegal, La.App., 180 So.2d 567; Lawrence v. Core, La.App., 132 So.2d 82. In such cases the child is not held to the same degree of care as an adult. Rather, the test is whether the particular child, considering his age, background and inherent intelligence, indulged in a gross disregard of his own safety in the face of known, understood and perceived danger and whether there was intentional exposure to obvious danger in connection with nontechnical and ordinary objects and situations within the capacity of the child to understand and realize.
Applying the controlling test to the case at hand, we conclude the child in question was guilty of contributory negligence under the circumstances shown. The activity engaged in by plaintiffs' daughter was patently fraught with the possibility of injury resulting from a fall as, unfortunately, did occur. Such obvious danger must be held within the power of perception of an exceptionally intelligent, very bright fourteen year old girl. Notwithstanding her capacity to appreciate the perils involved, the child in question voluntarily chose to expose herself to the possibility of personal harm incident to the probability of falling from the barrel.
The judgment of the trial court is affirmed at appellants' cost.
Affirmed.
PER CURIAM.
Plaintiff's application for rehearing alleges error in our holding the attractive nuisance doctrine inapplicable to this case.
*216 We so ruled on the ground that the doctrine applies only when the injured child is at least technically a trespasser. In so holding, we concede error. The error, however, does not affect the outcome of this litigation.
The weight of authority holds the doctrine of attractive nuisance applies notwithstanding the injured child may be a trespasser either technically or in fact. See 65 C.J.S. Negligence § 63(71), page 806.
Our own jurisprudence accords with the general rule that the principle in question is to be accorded limited application and employed only with caution. The reason for this rule is the tremendous burden placed on the property owner when the principle of attractive nuisance is held applicable. Moreover, the attractive nuisance rule is invoked only when the condition or agency causing injury is of such an unusual nature or character as to render it peculiarly attractive and alluring to children. Beasley v. Guerriero, La.App., 123 So.2d 774. As held in Browne v. Rosenfields, Inc., La.App., 42 So.2d 885, not every instrument possibly dangerous to a child of tender years, or which such a child might convert into a means of amusement, constitutes an attractive nuisance. On the contrary, for the attractive nuisance rule to apply, the instrumentality or condition must be of a nature likely to incite the curiosity of a child and fraught with such danger as to reasonably require precaution to prevent children from making improper use thereof. Generally courts exclude application of the rule to conditions or instruments not inherently dangerous or peculiarly attractive to children. Browne v. Rosenfields, Inc., above.
We deem a trash barrel of the nature involved in this litigation not an inherently dangerous instrumentality. Granted it may be reasonably foreseen children might employ such an object as a means of diversion. Granted also, such use may involve some foreseeable degree of peril to a child. Nevertheless, such use is not fraught with danger to an extent reasonably requiring precaution against children utilizing it for diversion. To so hold would unreasonably extend the principle of attractive nuisance. Moreover, such danger as attended its use in the manner shown should be readily appreciated by a very bright fourteen year old child.
Rehearing denied.