CULPEPPER, Judge.
This is a suit for damages for personal injuries to a 12 year old pedestrian who was struck by the wheel of a large truck-trailer used to haul gravel. The plaintiff is Mr. Milton Richard, who sues individually and as administrator of the estate of his injured child, John Kent Richard. The defendants are (1) Ready-mix, Inc., owner of the truck and employer of the driver, and (2) its insurer, Firemen’s Insurance Company of Newark, New Jersey. A jury found the accident was caused solely by the negligence of the truck driver, Charles W. Harrell, and that he was operating the truck with the permission of the owner but not in the course and scope of his employment. Accordingly, verdict and judgment were rendered in favor of the plaintiff for the sum of $8,000 against the insurer only.' Defendants appealed. Plaintiff answered the appeal, seeking an increase in the award and also modification of the judgment to hold Ready-mix, Inc. liable.
The issues argued on appeal are: (1) Was the driver’s use of the truck within the course and scope of his employment? (2) Was the driver’s use of the truck with the express or implied permission of the owner? (3) Was the truck driver negligent? (4) Was the injured boy contribu-torily negligent? (5) Is the quantum of the award inadequate ?
Ultimately, we conclude the truck driver was free of negligence and that this accident was caused solely by the fault of the 12 year old boy. Hence, we will discuss in detail only these two decisive issues.
There is some conflict in the testimony as to certain details of the accident, which we will mention, but the essential facts on which we base our decision are supported by a clear preponderance of the evidence.
Mr. Charles Harrell ¡ivas employed by Ready-mix, Inc. to drive a large tractor-trailer combination, which was about 30 feet long and was used to haul gravel. His home was in a public housing project in Eunice, Louisiana. On Sunday, January 21, 1968, he went to his employer’s plant to install a floor mat in his truck. Since the necessary tools were not available at the plant, he decided to drive the truck to his home to pick up the tools and then return to the yard to finish the work.
The public housing project is located on a blacktopped street, about 2 blocks in length, which runs generally north and south. The entrance is at the north end and on the south the street comes to a dead end, at which point there is a circular “turn-around.” As Harrell entered the housing project, John Richard (the injured minor), Rickey McCauley, then 13 years of age, and several other children were playing near one of the houses on the east side of the street about 1 block from the turn-around. Rickey apparently saw the truck first and said “Let’s go meet Charlie.” As Harrell drove past the house and on toward the turn-around, Rickey ran behind the truck with John and Mike not far behind.
The truck turned to the right as it drove into the turn-around but there was insufficient room to turn without backing and jackknifing the truck and trailer. Harrell backed the truck up twice before he was able to get the front headed in a suffi *388 ciently northerly direction to drive out of the turn-around. He intended to drive to a position 20 or 30 feet north of the turnaround, where he planned to stop the truck and go to his house for the tpols.
While Harrell was engaged in these backing maneuvers, Rickey ran to the truck and climbed up and stood on the highest of 2 steps on the driver’s side of the cab. He stood there holding onto the mirror and the door handle, with his head at the window. There is a conflict in the testimony as to whether Rickey climbed on the truck before or after the second backing maneuver. In any event, while standing on the top step, Rickey motioned to John to come and join him on the truck. John had by then run down the east side of the street, crossed over to the west side and was standing on the west side of the turn-around. Both Rick and John testified that, on receiving Rick’s signal to come to the truck, John ran over and put his left foot on the bottom step. Rick then used his right hand to catch John’s right hand to help pull him up. Just as Rick started to pull John up on the truck, it started to move forward. John fell to the ground and the left rear dual wheels of the tractor struck him, breaking his leg and pelvis. As soon as the truck started forward Rick yelled at Harrell to stop. The truck moved only 3 or 4 feet. The wheels did not pass completely over John’s body.
The first issue which we will discuss is whether the truck driver was negligent. The evidence shows that the truck driver saw these three 12 and 13 year old boys, together with some other children, near the house about one block from the turn-around. The boys followed along behind the truck toward the turn-around but the driver did not see them. The next time the driver saw Rickey was when he was backing the truck and Rickey climbed on the top step. However, Harrell did not know that John had also run down the street and was standing on the west side of the turn-around. Neither Rickey nor John testified they communicated to the driver in any way that Rick motioned to John or that John was going to run over and cimb upon the truck. When John ran from the west side of the turn-around to the truck he went from such a position and at such an angle that the truck driver could not have seen him without putting his head to the window and looking to the left side and the rear of the truck. The driver testified that before starting forward, he looked in the rear view mirror but did not see John and had no knowledge whatever that he was near the truck.
The general rule is that the operator of a motor vehicle is under a duty to exercise reasonable care, commensurate with the circumstances, to avoid injury to children upon or near the street or highway, Jenkins v. Firemen’s Insurance Company of Newark, New Jersey, La.App., 83 So.2d 494 (2d Cir. 1955) writ of certiorari refused. The degree of care required varies with the circumstances, such as the number of children in the area; the age of the children; any circumstance which would indicate the children are in a position of danger or might leave a place of safety and move to a position of danger; and the presence on or near the street of anything calculated to attract children. See Jenkins v. Firemen’s Insurance Company of Newark, New Jersey, supra, and the authorities cited therein. The rationale of these rules is that every motorist should know children act thoughtlessly, impulsively, erratically and without the same degree of care for their safety as adults.
However, a motorist is not an insurer of the safety of children and is required only to act as a reasonably prudent man under the same circumstances. If he has no reasonable cause to anticipate the presence of children or the possible hazard, he is free of negligence, Comer v. Travelers Insurance Company, 213 La. 176, 34 So.2d 511 (1948); Williams v. Charles, La.App., 171 So.2d 831 (4th Cir. 1965); Davis v. Guillot, La.App., 203 So.2d 919 (4th Cir. 1967).
*389 Plaintiff contends that in the present case the driver was required to use a high degree of care because he knew or should have known that children were in the area and should have looked out his open window before starting forward, instead of simply looking in his rear view mirror. We are unable to agree. There is no evidence whatever that the driver knew or was given any notice that the injured boy, or any other child except Rickey, had run behind the truck to the vicinity of the turn-around. Furthermore, these 12 and 13 year old boys were old enough that the driver had a right to rely to some degree on their using care for their own safety.
The cases relied on by plaintiff are distinguished. In Comer v. Travelers Insurance Company, 213 La. 176, 34 So.2d 511 (1948) the motorist parked in the driveway of a home where a 17 month old child was on the porch with an adult. He backed out of the driveway and struck the child. The court held that since the motorist had last seen the child in a place of safety on the porch in the custody of an adult, he had a right to assume it was safe to back the car unless warned to the contrary.
In Jackson v. State Farm Mutual Automobile Insurance Company, La.App., 32 So.2d 52 (1st Cir. 1947) the motorist had last seen the small child playing unattended on the porch of a home. He backed out of a driveway near a lumber pile where he knew these small children were accustomed to play. The court found the motorist negligent for not anticipating the presence of the child and not looking behind the vehicle before backing up. The Jackson case is distinguished from the present one on the basis that in Jackson the child was in the immediate vicinity of the driveway where it was accustomed to playing to the knowledge of the motorist and the child was of very tender years.
Burnaman v. LaPrairie, La.App., 140 So.2d 710 (3rd Cir. 1962), is very similar to the Jackson case. In Burnaman an automobile backed out of a driveway and struck a 2i/2 year old child. The evidence showed the motorist knew this small child was in the immediate vicinity of the driveway. The court held that under the circumstances he was required to use a high degree of care and was negligent in not looking behind his automobile before he started backing.
We conclude this accident was caused solely by the negligence of Johnny Richard. As stated above, Johnny was 12 years of age at the time of the accident and is legally capable of negligence, Patterson v. Recreation & Park Commission, La.App., 226 So.2d 211 (1st Cir. 1969) and the authorities cited therein. There is a conflict in the testimony as to whether the truck was moving at the time Johnny attempted to climb onto the bottom step. However, even assuming that the truck was not actually moving, we think it is obvious that Johnny knew the truck driver was in the process of backing and turning the truck in preparation to proceeding out of the turn-around. A normal boy 12 years of age should have known the hazard involved in attempting to climb onto the step of the truck without any warning to the driver whatever when he knew the truck was about to proceed forward. The picture of the truck which is filed in evidence shows there is room for only one person on each of these steps and there was no place for Johnny to hold with his hands. As he tried to mount the bottom step, with his left foot on the step and his right hand being held by Rickey, he was in a very unbalanced and precarious position. When the truck moved forward, he simply lost his balance and fell. We think it is clear that Johnny failed to use due care for his own safety.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendants, Ready-mix, Inc. and Firemen’s Insurance Company of Newark, New Jersey, and against the plaintiff, Milton Richard, individually and as administrator of the estate of his minor son, John Kent Ri *390 chard, rejecting plaintiff’s demands at his costs. All costs of this appeal are assessed against the plaintiff.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.