CHASEZ, Judge.
Plaintiff, Frederick Ibieta, individually and on behalf of his minor son, Frank V. Ibieta, filed this suit to recover damages allegedly sustained by the minor against the defendants, the St. Bernard Parish Police Jury and its liability insurer, the Phoenix of Hartford Insurance Company. The defendants in return filed a third party demand against Mr. and Mrs. Frederick Ibie-ta, alleging their negligence and praying for indemnity or contribution.
After trial on the merits, judgment was rendered by the lower district court against the plaintiffs, dismissing their action. From this adverse judgment plaintiffs have perfected this appeal.
This claim arises out of an accident at a St. Bernard Recreation gymnasium occurring September 10, 1968 wherein Frank Ibieta, plaintiff’s three year old son, fell from the top of an equipment locker and broke his right forearm. Mrs. Gayle Ibie-ta had taken Frank and her other five children, ranging in ages from eleven to three, with her to a St. Bernard Athletic and Recreation Department Gymnasium located in Arabi, Louisiana, where she was to engage in volleyball competition that evening.
While waiting to participate, Mrs. Ibieta sat in the spectator stand with her children, including Frank, who was seated immediately next to her, occupying a section on the third tier from the bottom. The spectator stands consist of four tiers of seats which run from the floor to an approximate height of 5Yz feet. Adjacent and adjoining these stands was an equipment locker which abutted the top tier of seats with the top of said locker occupying approximately the same horizontal plane as that of the top tier of seats.
Mrs. Ibieta was seated approximately 20 to 25 feet away from the locker. While Mrs. Ibieta, and also the witness produced for trial were engrossed in the action of a volleyball game then taking place, Frank apparently wandered away from his mother’s side and traversed the distance between his seat and the locker which the trial court noted as also entailing a climb to the fourth row or top tier of seats. After reaching the locker Frank either fell or jumped to the floor and thereby injured himself. The witnesses produced were only able to see the child in the act of falling. How he fell is not known. For the purposes of this opinion, we need not consider whether or not the child fell or jumped. We can assume that he fell.
Plaintiff’s claim for recovery is based on the theory of attractive nuisance, stressing the fact that the defendants knew that children frequented the place and that the locker, by its particular position, constituted an attractive nuisance.
In applying the doctrine of attractive nuisance five essential elements must be present.
“ T. That the injured child was too young to understand and avoid the danger.
“ ‘2. That there was reason to anticipate the presence of such children, either because of some attraction on the premises, or because the danger was in some place where children had a right to be.
“ ‘3. That there was a strong likelihood of accident.
' “ ‘4. That the danger was one other than those ordinarily encountered.
“ ’5. That the precautions not taken were such as a reasonably prudent person would have taken under the circumstances.’ ”
See Saxton v. Plum Orchards, Inc., 215 La. 378, 40 So.2d 791 (1949); Scott v. Boh Bros. Construction Co., 195 So.2d 353 (La. App., 4th Cir., 1967.)
In the present case we are convinced that the last three tests are not met by the plaintiff. The likelihood of an accident occurring by reason of the locker is in no way different, to our mind, than the possibility of the same accident resulting from a fall from the grandstand.
*750 We therefore affirm the trial court’s finding that although the use of the top of the locker for seating is reasonably foreseeable, such use was “not fraught with danger to the extent which would require precaution against its use for such purposes.”
Plaintiff further contends that defendants were negligent in operating and maintaining the gymnasium by allowing seating tiers without rails and also by not erecting barriers or warnings between the seats and the locker. We find no merit to this contention. Rails would not have helped as the child could easily have climbed through or under such equipment. The locker was not defective and was stationary and, again, a fall from the locker in the present case is in no way different than a similar fall from the spectator stands. We therefore find no negligence by defendant for the non-erection of a barrier between the seats and the locker.
For the above and foregoing reasons, the judgment of the lower court is affirmed. Costs to be paid by the plaintiffs.
Affirmed.