PONDER, Judge.
This is a suit for personal injuries and medical expenses which resulted when plaintiffs’ son was struck by a falling tree. Plaintiffs have appealed the judgment for the defendant.
The issues on appeal are the negligence of the defendant’s insured, and the contributory negligence of plaintiff’s son.
We affirm.
Fourteen year old Pete Capo was working on the farm of defendant’s insured, Stanley Stewart. Mr. Stewart, his younger brother David Earl, their father and Pete were cutting and piling dead trees.
After cutting several trees, the three Stewarts went to the barn to attend to other business. Pete took the tractor and began to round up the cows for milking.
When he had finished this task and after David Earl had rejoined him, Pete backed the tractor up to a dead tree. He hooked a chain to the tree and pulled; the tree fell on him, causing severe head injuries necessitating hospitalization for several weeks.
The trial court found that the defendant’s insured was negligent in allowing a fourteen year old boy to use the tractor without supervision. However, the actions of the youth were contributorily negligent and barred any recovery by the plaintiff.
We pretermit the question of Mr. Stewart’s negligence because we believe Pete was guilty of contributory negligence. The lower court found, and correctly so, that Pete was aware that it was dangerous to fell a dead tree with a chain pulled by a tractor. Both Mr. Stewart and his father had warned Pete that he should never try this. David Earl testified he gave Pete a similar warning just minutes before the accident. We find no manifest error in the court’s conclusion that Pete had been adequately warned of the danger.
Plaintiff contends that young Pete was a slow learner and therefore should not be held to such a high standard of care. The test is whether the particular child, considering his age, background and inherent intelligence, grossly disregarded his own safety in the face of a known, understood and perceived danger. Simmons v. Beauregard Parish School Board, La.App., 315 So.2d 883 (3rd Cir. 1975), writ refused La. 320 So.2d 207. Children twelve to fourteen years of age are capable of contributory negligence. Patterson v. Recreation and Park Commission for the Parish of East Baton Rouge, La.App., 226 So.2d 211 (1st Cir. 1969).
Pete had been driving tractors at the Stewarts’ farm for over six months. Mr. Stewart and his father both considered Pete to be knowledgeable with regard to handling the machine. They trusted his skill and judgment, as evidenced by their allowing him to use the tractor while they went to the barn.
*1191 Plaintiff, to prove that Pete was a boy of less than average intelligence, adduced evidence that Pete had been held back in school twice. His parents said they considered him to be a slow learner. This falls far short of proving he was incapable of contributory negligence. The evidence shows that he had considerable experience in driving a tractor; he had been warned of the probable consequences of pulling over trees with a tractor and was aware that what he was doing was dangerous.
The court awarded the plaintiff $1,000.00 under the medical payment clause of the insurance policy. No appeal was taken from that award; that portion of the judgment is final.
For the above reasons the judgment of the trial court is affirmed; plaintiff is cast with all costs of this appeal.
AFFIRMED.