428 So.2d 1162 (1983)
The FIDELITY & CASUALTY COMPANY OF NEW YORK
v.
Eugene J. BORDELON.
No. 82-CA-85.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Satterlee, Mestayer & Freeman, Henry F. Mestayer, New Orleans, for plaintiff-appellant.
Mollere, Flanagan & Arceneaux, James S. Arceneaux, Metairie, for defendant-appellee.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This is a suit for payment of insurance premiums brought by The Fidelity & Casualty Company of New York against Eugene J. Bordelon, an insurance salesman, and Little Farms Real Estate, Inc., the insured. The trial court sustained an exception of no cause of action as to Fidelity's action against Little Farms Real Estate, Inc. From this judgment, plaintiff, The Fidelity & Casualty Company of New York, appeals claiming the trial court erred in sustaining the peremptory exception of no cause of action. We affirm.
FACTS
Plaintiff initially sued Eugene J. Bordelon, an insurance salesman, alleging that through Bordelon, plaintiff, The Fidelity & Casualty Company of New York, issued an insurance policy to defendant, Little Farms Real Estate, Inc. The petition alleged that Little Farms Real Estate, Inc. paid Bordelon the premiums due Fidelity, and Bordelon sent his personal checks to Fidelity which, when presented for payment, were dishonored due to insufficient funds. Subsequently, Fidelity amended its petition making Little Farms Real Estate, Inc. a party defendant. Little Farms responded *1163 by filing a peremptory exception of no cause of action which was sustained, and the trial court dismissed Fidelity's suit against Little Farms.
The peremptory exception of no cause of action raises a question as to whether our law affords any remedy to plaintiff under the allegations of its petition. In determining whether the plaintiff's petition stated a cause of action, this court must look only to the face of the petition and attached documents and must accept as true all well pleaded facts in the petition and attached documents. Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 96 (La.1975); Williams v. Delta Haven, Inc., 416 So.2d 637, 638 (La.App. 2d Cir. 1982); Leenerts Farms, Inc. v. Rogers, 411 So.2d 576, 578 (La.App. 1st Cir.1982).
The substantive law applicable to the above asserted facts is La.R.S. 22:1180 which states in pertinent part:
"Any insurer which issues or delivers a policy or contract of insurance pursuant to the application or request of any agent or broker who is not authorized to represent said insurer as an agent shall be deemed to have authorized such agent or broker to receive on said insurer's behalf payment of any premium on such policy or contract of insurance. Such payment to an agent or broker shall be deemed to be payment to the insurer." (Emphasis added)
Fidelity states in its petition that it issued an insurance policy to Little Farms at the request of Bordelon and, more importantly, Fidelity further states that Little Farms made payments of premiums on this insurance policy to Bordelon. Therefore, under La.R.S. 22:1180, Little Farms' payment to Bordelon is deemed to be payment to Fidelity. These well pleaded facts of Fidelity preclude it from suing Little Farms for insurance premiums.
For the reasons assigned, we affirm the ruling of the trial court that the petition of plaintiff with respect to Little Farms Real Estate, Inc. failed to allege a cause of action and its dismissal of The Fidelity & Casualty Company of New York's suit against Little Farms Real Estate, Inc. We tax The Fidelity & Casualty Company of New York with all costs of these proceedings.
AFFIRMED.