449 So.2d 1042 (1984)
Joseph A. RODRIGUE, Jr.
v.
FIREMEN'S FUND INSURANCE COMPANY.
No. 83-CA-591.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 1984.
Sidney D. Torres, III, Keith Giardina, Chalmette, for plaintiff-appellant.
David M. Cambre, New Orleans, for defendant-appellee.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Joseph A. Rodrigue, Jr. instituted this proceeding in the 24th Judicial District Court because of injuries sustained at the Belle Terre playground. He sued the insurer of the Jefferson Parish Recreation Department, alleging a failure to maintain safe bleachers.
The insurance company then moved for summary judgment, contending that the Jefferson Parish Recreation Department was immune from tort liability because of LSA-R.S. 9:2795. The trial judge granted the motion.
On appeal, Mr. Rodrigue argues that the statute is inapplicable to governmental entities.
The statute reads:

R.S. 9:2795
LIMITATION OF LIABILITY OF LANDOWNER OF PROPERTY USED FOR RECREATIONAL PURPOSES
A. As used in this Section:
(1) "Land" means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty.
(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
(3) "Recreational purposes" includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites.
(4) "Charge" means the admission price or fee asked in return for permission to use lands.
(5) "Person" means individuals regardless of age.
B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.

*1043 (2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owned.
(3) Incur liability for any injury to person or property incurred by such person.
C. Unless otherwise agreed in writing, the provisions of Subsection B shall be deemed applicable to the duties and liability of an owner of land leased for recreational purposes to the federal government or any state or political subdivision thereof or private persons.
D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

THE PRATT CASE
Louisiana courts dealt with a similar issue in Pratt v. State of Louisiana, 408 So.2d 336 (La.App. 3rd Cir.1981), writ denied at 412 So.2d 1098 with three dissents.
The Third Circuit opinion stated:
"By its terms, the grant of immunity is made to any landowner who has made his land available for certain recreational purposes. The State, for purposes of this statute, stands in the same position as any other private litigant." (Underlining supplied.)
While we do not necessarily agree with this statutory interpretation, we cannot overlook it.
Accordingly, we affirm the granting of the motion for summary judgment, with appellant to pay all costs.
AFFIRMED.