526 So.2d 366 (1988)
Fird GROVER
v.
Richard RATCLIFF, et al.
No. CA-9124.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Brian L. Reboul, Hailey, McNamara, Hall, Larmann & Papale, Allan M. Katz, Katz and Simone, Metairie, for defendants-appellees.
John L. Dorsey, New Orleans, for plaintiff-appellant.
Before SCHOTT, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Fird Grover appeals the dismissal by summary judgment of his suit against Richard Ratcliff d/b/a Richard Ratcliff Insurance Agency, Inc., Professional Insurance Brokers, Inc. (Professional), General Agents Insurance Company of America (GAINSCO) and Adriatic Insurance Company (Adriatic). We reverse.

FACTS
In January 1986, Grover contacted Ratcliff to secure liability, collision and comprehensive automobile insurance for his fleet of vehicles. On January 24, 1986, Grover paid Ratcliff $13,443.25 in premiums for this insurance coverage. Shortly thereafter, Ratcliff issued Grover a binder receipt which purportedly provided insurance coverage through the Louisiana Auto Plan. Between February 28, and March 14, 1986, Grover paid Ratcliff an additional $17,348.00 in insurance premiums.
On February 17, 1986, Ratcliff contacted John Ballard, an insurance broker with Professional, and requested a price quote for insurance on Grover's fleet. On February 18, 1986, Ballard quoted Ratcliff the cost of liability coverage from GAINSCO, and the cost of physical damage coverage from Adriatic. On February 22, 1986, Ballard *367 issued automobile insurance policies from GAINSCO and Adriatic effective March 25, 1986.
On March 5, 1986, Ratcliff gave Ballard a check for $8,474.00 to pay the premiums for the GAINSCO and Adriatic policies. This check was later dishonored for insufficient funds in the Ratcliff checking account. On March 14, 1986, Ballard sent notice of cancellation to Grover due to non-payment of premiums. On March 25, 1986, both GAINSCO an Adriatic cancelled their policies. Ratcliff subsequently pled guilty to the theft of $32,693.85 in insurance premiums from Grover. Ratcliff has not returned this amount to Grover.
Grover later brought this suit against Ratcliff, Professional, GAINSCO and Adriatic, alleging breach of contract for the cancellation of his policies with GAINSCO and Adriatic and seeking the recovery of $30,796.25 in premiums. Cross motions for summary judgment were then filed by the parties. When the trial court granted defendant's motion, Grover filed a motion for a new trial, which was denied.
This appeal followed.
ASSIGNMENT OF ERROR
By his sole assignment of error, Grover asserts that the trial court erred in granting appellees' motion for summary judgment. We agree. C.C.P. Art. 966(B) provides that summary judgment "... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". Any doubt as to the entitlement to summary judgment must be resolved against the granting of summary judgment and in favor of a trial on the merits. Employers' Surplus Line Insurance Co., v. City of Baton Rouge, 362 So.2d 561 (La. 1978); Baker v. Ingram, 447 So.2d 101 (La.App. 4th Cir.1984).
In the present case, Grover's petition alleges breach of contract by cancellation of the Adriatic and GAINSCO insurance policies. Appellees' contend that they cancelled these policies due to non-payment of premiums and did so only after an offer to reinstate the policies without cost was made to Grover and rejected by him.
In our opinion, appellees failed to prove that they were entitled to judgment as a matter of law. Both GAINSCO and Adriatic insurance policies provide that "[t]his policy may be cancelled by the insured by surrender thereof or by mailing to the company written notice stating when thereafter such cancellation shall become effective". While Ballard's deposition, submitted with defendants motion for summary judgment, stated that Grover apparently gave oral notice of cancellation, there is nothing in the record to show that the requisite written notice of cancellation was tendered by Grover. Moreover, under the facts of the present case, GAINSCO and Adriatic were statutorily precluded from cancelling Grover's policies for non-payment of premiums.
Under R.S. 22:1180:
Any insurer which issues or delivers a policy or contract of insurance pursuant to the application or request of an agent or broker who is not authorized to represent said insurer as an agent shall be deemed to have authorized such agent or broker to receive on said insurer's behalf payment of any premium on such policy or contract of insurance. Such payment to an agent or broker shall be deemed to be payment to the insurer.
It is not the intent of this Section to create any agency relationship except for the matter of collection of premiums specifically referred to herein.
As we interpret this statute, once Adriatic and GAINSCO delivered their insurance policies pursuant to the request of agent Ratcliff (made through broker Ballard) any premium payments made to Ratcliff were deemed to have been received by Adriatic and GAINSCO. See Fidelity & Casualty Co. v. Bordelon, 428 So.2d 1162 (La.App. 5th Cir.1983). Consequently, Adriatic and GAINSCO were statutorily obligated to maintain coverage on Grover's fleet of motor vehicles for the duration of the policy paid for by Grover notwithstanding the fact that Ratcliff misappropriated these premium payments.
*368 Absent proof that Grover surrendered the policies to GAINSCO and Adriatic or provided written notice of cancellation, these policies should have remained in effect. Appellees therefore failed to prove entitlement to judgment as a matter of law. Summary judgment is hereby reversed and the matter is remanded for trial on the merits.
Costs of this appeal are assessed to appellees.
REVERSED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurring.
Grover seeks the return of premiums he paid to Ratcliff and which were misappropriated by him. La.R.S. 22:1180 does not provide plaintiff with the remedy of "return of his premiums," but only requires that the insurer provide coverage. Thus, under the circumstances of this case, the insurer cannot cancel the policy for non-payment of premium. However, if Grover returned the policies or requested their cancellation as per the terms of said policies, then he may be entitled to the return of a pro-rata of the premiums. In my opinion, therein lies the issue of material fact; i.e. was there a cancellation by Grover which would warrant return of a portion of the premium.
I therefore concur in the majority's reversal of the summary judgment.