GRISBAUM, Judge.
This appeal arises out of the granting of exceptions of no cause of action/no right of action and prescription filed by the District Attorney of Jefferson Parish (the DA), the Jefferson Parish Clerk of Court (the Clerk), and the Department of Public Safety and Corrections (the Department), in response to Jon F. LaGrange’s claim for false imprisonment/deprivation of liberty. We affirm.
ISSUE
The single issue presented is whether the trial court erred in concluding that the allegations of the plaintiff’s petition afforded him no legal remedy against the DA, the Clerk, and the Department.
PROCEDURAL HISTORY
The protracted procedural record demonstrates that on June 16, 1980, Jon La-Grange pled guilty to two counts of violating La.R.S. 14:16, receiving stolen things. He was sentenced to five years at hard labor; the trial court suspended the execution of the five-year sentence and placed LaGrange on two years’ active probation. Several conditions of probation were imposed. On May 4, 1981, the State filed a rule to revoke probation based on violation of condition No. 1, that he refrain from criminal conduct. LaGrange received domiciliary service of the rule on May 18, 1981. He appeared with his attorney on May 19, 1981, and the rule was continued to June 9, 1981. On that date, LaGrange appeared without an attorney and was told three times to get an attorney.
On June 4, 1982, a second rule to revoke was issued based on LaGrange’s failure to refrain from criminal activity (arrest on several charges in St. Tammany Parish), his failure to report to his probation officer, moving without receiving permission from his probation officer, and failure to make a full and truthful report to his probation officer at the end of each month. Service of the rule was attempted on June 15, 1982; LaGrange’s father said he was out of town on National Guard duty. La-Grange’s term of probation was set to expire on June 16, 1982. The subpoena was reissued on June 18, 1982, and LaGrange did not appear at the hearing on June 19, 1982. The hearing was reset for September 7, 1982.
The Sheriff of St. Tammany Parish attempted to serve LaGrange on July 21, 1982, but he was unable to locate La-Grange, who had moved. LaGrange appeared unrepresented at the September 7, 1982 hearing. On September 20, 1982, notice of hearing was issued; the hearing *1098 was reset for November 9, 1982. Service of notice of that hearing was left with LaGrange’s father on October 1,1982. La-Grange appeared with counsel at the November 9, 1982 hearing; his probation was revoked. LaGrange filed a “motion for rehearing,” and a rehearing took place on February 1,1983. On February 8,1983, an appeal bond was granted while LaGrange appealed the revocation. The appeal was revoked and the sentence was made exec-utory on November 6, 1985.
This Court reversed the revocation by order dated May 28, 1986 because at the time of revocation, La.C.Cr.P. art. 899 required personal service of a summons to appear to answer a charge of violation or threatened violation. (The article was later amended to suspend the running of the period of probation as of the time the warrant, summons, or detainer is issued, to prevent situations such as this.) This Court found that because the rule to revoke probation was not served on La-Grange personally, his sentence was satisfied when the period of probation terminated on June 16, ■ 1982.
On May 26, 1987, LaGrange filed a civil suit against the DA, the Clerk, and the Department for damages incurred due to his loss of freedom. The trial court granted exceptions of no cause of action as to the DA and the Department by judgment dated April 15, 1988; the Clerk’s exception of no cause of action was granted by judgment dated September 9, 1988. LaGrange appeals devolutively.
BASIC FACTS
The record shows that Paragraphs IV and V of the plaintiffs petition, in pertinent part, state:
The Louisiana Department of Public Safety and Corrections undertook to revoke his probation and his probation was in fact revoked on November 9, 1982. However, the probation had expired on June 16, 1982. The District Attorney, The Department of Corrections knew or should have known that Plaintiffs probation had expired when the motion to revoke probation was brought. As a result of this error the Plaintiff was forced to be incarcerated for some 301 days.
It apparently was due to the negligence of the Clerk of Court and/or the District Attorney and/or the Louisiana Department of Corrections that his probation was revoked unlawfully. Had the records been properly checked by the Clerk of Court and/or the Department of Corrections and/or the District Attorney’s Office, the revocation would not have occurred and the plaintiff would not have spent 301 days incarcerated in a state correctional institution.
As a result of the negligence of the Clerk of Court and/or the District Attorney’s Office and/or the Louisiana Department of Corrections, the plaintiff suffered great damages, humiliation and loss of freedom for some 301 days.
LAW
La.C.Cr.P. art. 900, in pertinent part, states:
After an arrest or service of a summons pursuant to Article 899, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing. The hearing may be informal or summary. If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing....
(Emphasis added.)
Looking to the jurisprudence in Herbert v. City of Kenner, 501 So.2d 901 (La.App. 5th Cir.1987), this Court stated:
The peremptory exception of no cause of action raises a question as to whether our law affords any remedy to the plaintiff under the allegations of its petition. In determining whether the plaintiff's pe-. *1099 tition states a cause of action, we must look only to the face of the petition and attached documents and must accept as true all well-pleaded facts in the petition and attached documents. Fidelity & Casualty Co. of New York v. Bordelon, 428 So.2d 1162 (La.App. 5th Cir.1983). The exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3d Cir.1984). If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Cupp v. Federated Rural Elec. Ins. Co., 459 So.2d 1337 (La.App. 3d Cir.1984).
Id. at 905.
ANALYSIS
In light of our statutory law and our jurisprudential mandate, we find the plaintiffs petition fails to state a cause of action as to all three defendants because neither the DA, the Clerk, nor the Department has the authority to revoke probation. Probation may only be revoked by a trial court after a hearing. See La.C.Cr.P. art. 900. Ergo, there exists no error.
For the reasons assigned, the judgment of the trial court dated September 9, 1988 and the judgment dated April 15, 1988 are hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.