KLIEBERT, Chief Judge.
This matter is before us on an appeal taken by the plaintiff, South Lafourche Metal, from a judgment of the lower court which sustained an exception of no right of action filed by the defendant, Grand Isle Fire Department.
The appellant is in the business of building metal buildings and, in response to a bid proposal for construction of a proposed facility by the defendant Grand Isle Fire Department, submitted its bid and was orally awarded the contract. Subsequently, it was discovered that the plaintiffs bid did not cover a totally galvanized building as had been intended, as a consequence of which all bids were thrown out and the project advertised again. This time, the plaintiff was not the successful bidder. This suit followed, wherein the relief sought by the petitioner is an award of $20,000.00 representing the lost profit on the contract which had been originally awarded to him and subsequently illegally withdrawn by the defendant.
The chronology of what occurred is as follows: The plaintiff was awarded the contract at a meeting of the governing authority on February 11, 1988. Following the withdrawal of the acceptance of his bid, on February 25, 1988, readvertisement, etc., suit was filed on February 1, 1989. An answer was filed on April 6, 1989 and following the introduction into the record of various documents, including the contracts and the minutes of the governing authority, the exception of no right of action was filed on June 21, 1990. The exception was submitted on memoranda, taken under advisement by the trial court, and sustained by judgment rendered on September 13, 1989, the pertinent part of which reads as follows:
“According to the pleadings, evidence and memoranda in this record, plaintiff was verbally awarded a construction contract under the Public Bid laws, R.S. 38:2211 et seq., based upon his low bid plus an additional amount to provide fully galvanized materials. Upon further review of their admittedly ‘conflicting requirements in the bid specifications,’ defendants rescinded the prior award and re-advertised the project since plaintiff’s total price was no longer the low bid. Plaintiff sues now for his lost profit on the job, having failed to obtain the contract in the second round of bidding. Defendants have brought an Exception of No Right of Action, asserting that since no written contract was ever executed pursuant to R.S. 38:2216A(1), plaintiff cannot bring this suit.
This Court finds that, accepting plaintiff’s allegations as true and giving plaintiff the benefit of all possible inferences, there is no cause of action presented in *972 this suit for which a legal remedy is afforded. However, this decision is not based upon the failure to execute a written contract, but rather upon defendants’ compliance with the obligations of the Public Bid laws.
As appears from plaintiff’s petition and evidence, even if a written agreement had been executed at the time he was ‘awarded’ the contract at issue, it would have been null and void under R.S. 38:2220, since plaintiff was not the low bidder. Furthermore, there is no allegation that plaintiff incurred damages due to his reliance on defendants’ verbal agreement, but only that he was arbitrarily and capriciously denied the benefit of that contract, i.e., his lost profit.
Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that the exception is sustained and plaintiff’s suit is dismissed with prejudice at his cost.”
We affirm but for reasons other than those expressed by the trial judge. In a similar suit, Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990), the Supreme Court, after stating at pages 1030-1031 that:
“The issue in this case is whether an unsuccessful bidder on a public contract has a cause of action for damages against the public body which awarded the contract, when the unsuccessful bidder failed to seek an injunction against the public body’s execution of the contract with the successful bidder or to take any steps to challenge the contract before filing suit to recover damages based on the public body’s violation of the public bid laws.”
concluded at pages 1033 and 1035:
“In the present case the Board’s exception of no cause of action asserts that an unsuccessful bidder does not have a cause of action under any circumstances to recover damages against a public body which awards a public contract in violation of the public bid law. We do not reach this broad issue, but rather decide this case on the narrower holding that an unsuccessful bidder on a public contract who fails to resort to the relief granted by statute by attempting to enjoin timely the execution of the performance of the contract, when the facts necessary for injunctive relief are known or readily ascertainable by the bidder, is precluded from recovering against the public body."
* * * sfc * *
“We hold that an unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter can be taken by the public body.”
Hartman Enterprises, Inc. v. Ascension-St. James Airport and Transportation Authority, 572 So.2d 50 (La.1990), rehearing denied, 573 So.2d 1111 (La.1991).
No injunctive relief was sought here although plaintiff had ample opportunity in which to do so. He actually submitted a second bid and when he was unsuccessful bided his time until February 1, 1989 when he filed the instant suit for damages, the very course of conduct against which the exception of no cause of action was leveled in the Airline Construction Company, Inc. case, supra.
We are not unmindful of the provisions of LSA-R.S. 38:2220B as amended by Act 869 of 1990. The latter statute was not in effect at the time the facts giving rise to this litigation arose and, as stated above, the pronouncement in Airline Construction Company, Inc., supra, controls.
Although the plaintiff’s exception was labeled “An Exception of No Right of Action,” the trial judge dismissed the suit for the reason that “... there is no cause of action presented in this suit for which a legal remedy is afforded.” Although the exception was labeled an exception of no right of action, in substance it was an exception of no cause of action. Moreover, under the provisions of Code of Civil Procedure Article 927, the trial court and/or the court of appeal are authorized to raise an *973 exception of no cause of action on their own motion. See Herbert v. City of Kenner, 501 So.2d 901 (5th Cir.1987).
Although for different reasons than those stated by the trial judge, we agree that the plaintiff has failed to state a cause of action. However, we do not remand to allow plaintiff an opportunity to amend his petition to state a cause of action because we conclude the petition cannot be amended to state a cause of action as authorized by Code of Civil Procedure Article 934. See Johnfroe v. Children’s Hospital, 537 So.2d 383 (4th Cir.1988).
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.