FRUGÉ, Judge.
This appeal concerns the sustaining of an exception of improper cumulation of actions and the subsequent dismissal of the plaintiffs’ suit because their amended petition did not sufficiently comply with the trial court’s order of amendment.
Plaintiffs and defendant, a real estate developer-contractor, entered into a “Contract to Build and Contract to Buy and Sell” a house and a lot. Plaintiffs sued to rescind the sale of the house they bought from the defendant, alleging that the house had fallen into ruin and could not be repaired. In the alternative, they prayed for a judgment in the sum of the estimated cost of the necessary repairs.
Defendant filed numerous exceptions to the petition of plaintiffs, among which was one alleging the improper cumulation of actions. Defendant asked that plaintiffs be required to stand on one cause of action or the other, i. e., to pursue him as a vendor or as a builder, arguing that he could not be liable in both capacities.
The trial court sustained the exception and ordered plaintiffs to amend their peti *549 tion and to proceed only under one demand. This action was taken under the authority of C.C.P. Article 464.[1]
The plaintiffs returned to court with an amended petition, but the only amendment was that plaintiffs now set out three alternative pleas. They asked for a reduction in the price, in the alternative, they asked for a rescission of the sale, and in the further alternative, they prayed for a judgment in the sum of the estimated cost of the necessary repairs.
Defendant filed a Rule to Show Cause why the amended petition should not be rejected and plaintiffs’ suit dismissed due to the fact that plaintiffs’ amendments were not in compliance with the order of the court in that plaintiffs had not elected their cause of action. Said rule was granted, with allowance to plaintiffs of a short time to further amend their petition to follow the order and to elect their cause. Plaintiffs refusing to so amend, judgment was entered in defendant’s favor, non-suiting plaintiffs’ suit at their cost. From this judgment plaintiffs have appealed.
Defendant later moved to dismiss the appeal, but said motion was denied by this court. See, Lee v. Carruth, 217 So.2d 718 (La.App. 3d Cir., 1969).
After a reading of the record and the briefs, it is our interpretation of the case that the only issue for determination is whether the trial court was proper in sustaining the exception of the improper cumu-lation of actions, and in ordering plaintiffs to elect by amendment which cause of action they would pursue.
The jurisprudence has now clearly accepted the principle that an interlocutory judgment sustaining an exception of improper cumulation of actions is reviewable on an appeal taken from a subsequent judgment dismissing the suit because of the failure of a plaintiff to elect his cause of action. People of the Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); and Washington v. Flenniken Construction Company, 188 So.2d 486 (La. App. 3d Cir., 1966).[2]
As originally drawn, plaintiffs’ petition asked for a rescission of the sale and a return of the purchase price, or in the alternative, the cost of repairs. We can see no reason why the pleading by plaintiffs of these mutually inconsistent demands in the alternative does not comply with C.C.P. Art. 462. This court is unaware of any jurisprudence forbidding the pleading of these particular demands in the alternative in the same suit. See Art. 892, C.C.P. (1960).
The plaintiffs’ petition was properly drawn, and it properly pleads in the alternative the three demands. Plaintiffs are entitled to their day in court under any or all of the demands so that in the end, should they be able to prove their case under either of the demands, judgment may be rendered in their favor, complying with the request of one of the alternatives.
For the above reasons, the action of the trial court in sustaining the exception of improper cumulation of actions against plaintiffs, and the subsequent ordering of plaintiffs to amend and elect, constituted manifest error on the part of the trial court. Having found error as to the action on the original petition, we need not arrive at the issue of the amended petition’s compliance or non-compliance with the order subsequent to the erroneous ruling on the exception.
*550 For the foregoing reasons, we hereby reverse the trial court’s judgment dismissing the plaintiffs’ suit against William A. Car-ruth, Jr., as well as the trial court’s judgment sustaining the appellee’s exception of improper cumulation of actions. The case is remanded for further proceedings -not inconsistent with the views herein expressed. The defendant-appellees are cast with all costs of this appeal. Assessment of other costs to await final determination of these proceedings.
Exception of improper cumulation overruled: case remanded.
Rehearing denied.
CULPEPPER, J. recused.

. “ * * * When the cumulation is improper for any other reason, the court may: * * * or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff’s suit.”

. For an excellent discussion of the evolution of this doctrine, see “The Work of the Louisiana Appellate Courts For the 1966-1967 Term”, 28 La.L.Rev., 312, 406-408 (1968).