386 So.2d 705 (1980)
Gail Prejean BONDURANT et al., Plaintiffs-Appellants,
v.
Yelverton BONDURANT, Jr., Defendant-Appellee.
No. 7725.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1980.
Rivers & Willson, Thomas R. Willson, Alexandria, for plaintiffs-appellants.
Lloyd F. Love, Ferriday, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Gail Bondurant, filed this tort action, individually and on behalf of her minor children, against her former husband, Yelverton Bondurant, Jr., to recover damages sustained as a result of an automobile accident.
Defendant filed an exception of no right of action alleging that plaintiff had no right of action to bring the suit against defendant because the parties were not divorced at the time of the accident. Defendant also urged, in his exception, that his children had no right of action against their father. The trial judge sustained the exception, dismissing *706 plaintiff's suit. Plaintiff perfects this appeal from the lower court's ruling.
The facts are as follows. Gail Bondurant and Yelverton Bondurant, Jr. were legally separated by judgment rendered September 6, 1977. The judgment awarded Gail Bondurant the custody of the three minor children of the marriage, Troy, Angela, and Shane. On March 4, 1978, defendant, accompanied by his minor children, was proceeding northbound on Louisiana Highway 129 when his vehicle ran off the road causing injuries to the children. On December 11, 1978, a judgment of divorce was rendered terminating the marriage of Gail and Yelverton Bondurant. On February 28, 1979, plaintiff instituted the present action.
The issue presented is whether plaintiff and her children have a right to action to institute suit against defendant to recover damages caused as a result of a tort committed by defendant during the existence of the marriage.

INTERSPOUSAL IMMUNITY
LSA-R.S. 9:291, at the time of filing, provided:
As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
1. A separation of property;
2. The restitution and enjoyment of her paraphernal property;
3. A separation from bed and board; or
4. A divorce.
Clearly, the statute does not prohibit a judicially separated spouse from suing the other spouse for a tort committed after the judicial separation. See Comment (d) to the statute as amended by Act 711 of 1979.
Furthermore, the jurisprudence interpreting the source provision of the present article has held that a divorced spouse may sue the other spouse for a tort committed during the marriage. In Gremillion v. Caffey, 71 So.2d 670 (La.App. 1st Cir. 1954), the ex-wife brought suit against her former husband to recover damages sustained as a result of a battery committed prior to termination of the marriage. The court stated that the wife did not have a right of action during the existence of the marriage but did have a cause of action against her husband. The court held that the termination of the marriage ended the abatement of her right of action which had existed during the marriage, and that the ex-wife was entitled to bring suit, after divorce, for the tort committed during the marriage.
Plaintiff and defendant were judicially separated on September 6, 1977. The accident occurred on March 4, 1978. Suit was filed on February 28, 1979. Plaintiff was judicially separated when the cause of action arose and when the suit was filed. Therefore, the trial court erred in dismissing her suit.

PARENTAL IMMUNITY
The trial judge also held that the children had no right of action for damages occasioned by their father's tort committed during the existence of the marriage.
LSA-R.S. 9:571 provides:
"The child who is not emancipated cannot sue:
(1) Either parent during the continuance of their marriage, when the parents are not judicially separated; or
(2) The parent who is entitled to his custody and control, when the marriage of the parents is dissolved, or the parents are judicially separated. Added Acts 1960, No. 31, § 3."
The parents of the children were legally separated on September 6, 1977, the accident occurred on March 4, 1978, and suit was filed February 28, 1979. Therefore, the second paragraph applies. The bar of R.S. 9:571 would apply only to the parent with custody or control. Since by the terms of the judicial separation, Gail Prejean Bondurant was awarded custody, there is no procedural bar to the minor children's suit against their father. We do not reach the issue of whether a child may later sue for a tort committed during the marriage. See *707 Walker v. Milton, 268 So.2d 654 (La.1972). The trial court erred, in the instant action, in dismissing the children's suit on no right of action.
Accordingly, the judgment of the trial court is reversed and the suit remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.