527 So.2d 456 (1988)
Than Duc NGUYEN, Individually, Sen Thi Nguyen, Individually, and for and on Behalf of their Deceased Minor Child, Thang Duc Nguyen
v.
CRESCENT LAND AND DEVELOPMENT COMPANY, INCORPORATED, Commercial Union Insurance Company, Northern Assurance Company of America, H & R Trucking Company, Inc.
No. 88-CA-107.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
Rehearing Denied July 15, 1988.
*457 Thomas L. Smith, New Orleans, for plaintiff-appellant.
Edward A. Rodrigue, Jr., Steven M. Lozes, New Orleans, for defendant-appellee.
Before CHEHARDY, C.J., and GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
Than Duc and Sen Thi Nguyen filed this tort suit against Crescent Land and Development Company, Inc. and its liability insurers for the wrongful death of their minor son, Thang Duc.
The Nguyens allege that Crescent's ownership of property under construction where an unguarded load of sand was deposited created an unreasonable risk of harm or created an attractive nuisance for which Crescent should be responsible in damages.
On March 19, 1982, the decedent child visited Crescent's property with his friends and played in a pile of sand. After tunneling in the sand, he apparently crawled head first into the hole he had dug. While in the dug out space, the hole collapsed, trapping the young boy underneath the sand. He died of traumatic asphyxiation before he could be removed.
At the time of the boy's untimely death, the Nguyens lived on Mt. Whitney Drive in Marrero, where the rear of their yard was directly adjacent to the rear of a double residential building under construction by Crescent on Barataria Boulevard.
The property was in the final stages of construction and sand was delivered to the front yard of the site approximately two days prior to the incident. The sand pile was three and one-half to four feet high and was to be used to complete the landscape construction. In 1982, the area where the incident occurred was mixed-rural and developing residential which had several undeveloped sites. Across the street from the accident scene was a tract of land on which mounds of sand were stockpiled and sold to contractors.
In a nine to three verdict, the jury found Crescent free from fault in the death of Thang Duc and dismissed the Nguyens demand.
From this verdict the Nguyens have devolutively appealed assigning the following errors for our review:
1.) That the trial jury erred in finding that Crescent was not at fault in the death of Thang Duc Nguyen;
2.) That the trial judge erred in not allowing counsel for the Nguyens to instruct the jury on the doctrine of the attractive nuisance.
3.) That certain remarks made by counsel for Crescent to the jury in closing arguments were prejudicial.
The Nguyens argue that Crescent owed a duty to their minor son not to create an unreasonable risk of harm by leaving a load of sand unguarded and in the same condition as when it was dumped. They argue that Crescent acted negligently and unreasonably. The jury disagreed and we affirm.
It is well recognized that a jury's factual findings may not be disturbed by an appellate court absent a verdict which is clearly wrong. The jury's findings as to fault are factual and therefore must also be upheld by an appellate court absent manifest error.
We find no error in the jury's conclusion that Crescent was free from fault in causing the death of Thang Duc. The evidence presented at trial was sufficient and appropriate. The jury had the opportunity to evaluate the testimony of the witnesses and judge their credibility. They reached a *458 conclusion which was just and supported by the evidence.
The undisputed facts are that Crescent owned the property where the sand was located and authorized its dumping, however we do not find that Crescent acted unreasonably.
The Nguyens' expert, Wilfred Gullardo, testified that prior to this incident, if Crescent had read every book on safety ever published, there would be nothing to suggest that its conduct was improper, unreasonable or dangerous. Another safety expert, Tarik Hadj-Hamou, acknowledged that it was not the sand that was dangerous, but was the action of the young boy digging a hole and climbing into it that was dangerous.
The Nguyens suggest that Crescent should have guarded the load of sand or had it spread out immediately upon being dumped. We do not agree. Crescent was without fault, we are convinced that its conduct was reasonable and the existence of three and one-half to four feet of sand did not create an unreasonable risk of harm.
Dr. Terry Passman, an expert psychiatrist, testified that children do recognize danger based upon common sense. The jury's evaluation of Dr. Passman must be accorded great deference. The jury believed his testimony that a child ten years old could reasonably be expected to recognize danger, therefore they could justifiably conclude that the child's voluntary digging in the sand was the sole cause of his death.
The Nguyens further argue that an attractive nuisance charge was incorrectly omitted from the jury instructions. We disagree.
We have recently addressed the issue of attractive nuisance in Herbert v. City of Kenner, 501 So.2d 901 (La.App. 5th Cir. 1987). In this case, we found that a pile of dirt on a playground did not constitute an attractive nuisance.
That unless a hidden trap or inherently dangerous instrumentality peculiarly attractive to children exists, there can be no application of the doctrine. Furthermore, not every instrument possibly dangerous to a child of tender years or which that child might be attracted to constitutes an attractive nuisance. In Patterson v. Recreation & Park Commission for the Parish East Baton Rouge, 226 So.2d 211 (La.App. 1st Cir.1969), the 1st Circuit stated:
"Our own jurisprudence accords with the general rule that the principle in question is to be accorded limited application and employed only with caution. The reason for this rule is the tremendous burden placed on the property owner when the principle of attractive nuisance is held applicable. Moreover, the attractive nuisance rule is invoked only when the condition or agency causing injury is of such an unusual nature or character as to render it peculiarly attractive and alluring to children.... not every instrument possibly dangerous to a child of tender years, or which such a child might convert into a means of amusement, constitutes an attractive nuisance. On the contrary, for the attractive nuisance rule to apply, the instrumentality or condition must be of a nature likely to incite the curiosity of a child and fraught with such danger as to reasonably require precaution to prevent children from making improper use thereof. Generally courts exclude application of the rule to conditions or instruments not inherently dangerous or peculiarly attractive to children." (citations omitted).
We find that this sand pile certainly did not contain hidden traps or unknown hazards, consequently did not create an unreasonable risk of harm sufficient to impose a duty on Crescent to guard the sand or immediately have it spread.
The sand itself posed no threat to anyone, rather its risk was created by the activity of the child, activity which the child should have been aware was dangerous.
Finally, the Nguyens argue that Crescent's attorney used prejudicial comments in his closing arguments which unjustly *459 influenced the jury preventing the rendition of a just verdict. They contend that counsel for Crescent distorted the facts in such a way as to "instill fear in the minds of the jury that if they find the defendant (Crescent) liable they will be hurting themselves."
The record does not reflect that any objection was raised at the time these comments were made.
In Temple v. Liberty Mutual Insurance Company, 330 So.2d 891 (La.1976) our Supreme Court held that counsel's failure to object to statements by opposing counsel during closing argument constituted a waiver of counsel's right to complain of the statements on appeal.
Accordingly, for the foregoing reasons we affirm the verdict of the jury and the judgment of the trial court. All costs of this appeal to be paid by the appellant.
AFFIRMED.