hMOORE, J.
The plaintiff, Donna Jordan, appeals two summary judgments granted on June 22, 2004 and August 19, 2004, dismissing her claims against Tommy Ebey and his insurer, State Farm Fire and Casualty Company (“State Farm”), and Arthur and Nellie Lindsey and their insurer, Farmer’s Insurance Exchange (“Farmers”), respectively. The court held that the plaintiff could not carry her burden of showing that a piece of PVC pipe which shattered when struck with a stick causing a shard of the PVC to put out the eye of plaintiffs son, posed an unreasonable risk of harm. We affirm.
Facts
On June 10, 2002, in Coushatta, Louisiana, Donna Jordan’s thirteen-year old son, Paul Hughes, and his friend, Weston Bam-burg, were playing on property owned by Tommy and Pamela Ebey and rented to Weston Bamburg’s father, Ben Hickman. The boys were playing with a short length piece of PVC pipe that they picked up from the neighboring property owned by Arthur and Nellie Lindsey. PVC (Polyvinyl Chloride) pipe is a type of plastic pipe used as a substitute for traditional piping materials in residential and commercial construction. The boys stood the pipe vertically by using a stick as a pedestal[1] and began striking it with another stick like one swings a bat at a baseball. The plastic pipe shattered. A shard flew into the right eye of Paul Hughes, leading to the loss of eyesight in that eye.
| ¡.Donna Jordan, as administratrix of the minor child, Paul Hughes, filed the instant lawsuit on January 22, 2003 against Tommy Ebey, the owner of the property where the injury occurred, and his insurer, State Farm, and Arthur and Nellie Lindsey, the owners of the PVC pipe, and their insurer, Farmers. Mr. Ebey and State Farm moved for summary judgment on May 30, 2003. After oral argument nearly one year later on May 6, 2004, the court requested that the parties submit supplemental briefs on the issue of whether the PVC pipe presented an unreasonable risk of harm. The plaintiff submitted an affidavit from plumber Joseph Giglio with her supplemental brief attesting that PVC pipe posed an unreasonable risk of harm after *832 weathering because it became brittle.[2] The court issued a written ruling on June 1, 2004, stating that the plaintiff did prove that the PVC pipe presented an unreasonably dangerous condition or posed unreasonable risk of harm to the child. The court granted the motion and signed the judgment dismissing the suit on June 21, 2004.
Subsequently, the Lindseys and their insurer, Farmers, moved for summary judgment on the same grounds and attached the trial court’s ruling on the co-defendants’ motion for summary judgment with their motion. The plaintiff opposed the motion with the affidavit from Giglio plumbing noting that Mr. Giglio’s affidavit contradicted deposition testimony from Mr. Lindsey, who has been a plumber for 30 years, that he has used PVC pipe after it had been laying in the elements for some time and the PVC pipe fulfilled its intended purpose. Although the plaintiff contended that the | ¡¡contradictory testimony created a genuine issue of material fact precluding summary judgment, the court rendered judgment dismissing the suit on August 19, 2004.
Ms. Jordan timely appealed both judgments. She contends that there is an issue of fact regarding whether storing the PVC pipe in or around a shed poses an unreasonably dangerous condition or an unreasonable risk of harm, and accordingly, summary judgment was inappropriate.
Discussion

Standard of Review

In Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230-31, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). Id.
Thereafter, the court went on to say that the amendment “levels the playing field between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed.” Id.; Hardy v. Bowie, 98-2821, p. 5 (La.9/8/99), 744 So.2d 606 (citing Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41). La. C.C.P. art. 966(C)(2) further states:
The burden of proof remains with the movant. However, if the movant will not bear the burden at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of *833 factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In this case, the statutory grounds for the plaintiffs claim are La. Civil Code articles 2317 and 2317.1. Under these codal provisions, to prevail “the plaintiff must prove that the thing under the defendant’s control had a defect that posed an unreasonable risk of harm to others and that this defect caused the plaintiffs injuries.” Barnes v. Riverwood Apartments Partnership, 38,331 (La.App. 2 Cir. 04/07/04), 870 So.2d 490, writ denied, 2004-1145 (La.6/25/04), 876 So.2d 845. (Citations omitted). Furthermore, in order to constitute a defect or unreasonable risk of harm, “the defect much be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances.” Durmon v. Billings, 38,514 (La.App. 2 Cir. 05/12/04), 873 So.2d 872, writ denied, 2004-1805 (La.10/29/04), 885 So.2d 588. (Citations omitted). “A defect cannot be inferred simply because an accident occurred.” Carroll v. Holt, 36,615 (La.App. 2 Cir. 12/11/02), 833 So.2d 1194. (Citations omitted). To determine 15whether a thing presents an unreasonable risk of harm, “the trier of fact must balance the gravity and risk of harm against the utility of the thing.” Higginbotham v. Community Christian Academy, Inc., 2003-0462 (La. App. 1 Cir. 12/31/03, 868 So.2d 765). In the absence of a showing of an unreasonable dangerous condition of a thing, there is no duty owed by the owner or custodian of a thing under either strict liability or negligence. Bison v. Primrose, 30,011 (La.App. 2 Cir. 12/10/97), 705 So.2d 249, writ denied, 1998-0090 (La.3/13/98), 713 So.2d 471.
Movants pleaded in their motions for summary judgment that the plaintiff could not carry her burden of proof that the PVC pipe either in itself or due to the way it was stored created an unreasonable risk of harm and was therefore defective.[3] After oral argument, the court requested supplemental briefs on this issue. Plaintiff submitted Mr. Giglio’s affidavit attesting that PVC plastic piping can become dangerous due to sunlight and weathering because it becomes less resilient and may shatter when cut. The court apparently did not believe the affidavit generated a genuine issue of material fact and granted the motions. We agree.
Plaintiff insists that the affidavit of Mr. Giglio, a plumber, creates an issue of fact with regard to whether the PVC pipe posed an unreasonable risk of harm to the plaintiffs son, especially since it contradicts some of the deposition testimony of Mr. Lindsey, who is also a plumber, regarding the relative quality of PVC after weathering. In the affidavit, Mr. Giglio states Ifithat he has over 30 years of experience in plumbing and frequently uses PVC pipe. He has observed that PVC pipe that undergoes weathering, particularly direct sunlight, loses its resiliency and can shatter. Therefore, in the course of his business, he avoids using PVC pipe that has been left lying around for a while because “if they attempt to use old pieces *834 of PVC and go to cut a piece, it will shatter and can be dangerous.”
In determining whether a defect or unreasonable risk of harm is present, the jurisprudence notes that the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Jackson v. Gardiner, 34,-643 (La.App. 2 Cir. 4/4/01), 785 So.2d 981, citing Penton v. Schuster, 98-1068 (La.App. 5 Cir. 3/30/99), 732 So.2d 597. The duty which a landowner owes to persons entering his property is also governed by a standard of reasonableness, and a potentially dangerous condition that should be obvious to all is not unreasonably dangerous. Thornton v. Board of Supervisors of Louisiana State University, 29,898 (La.App. 2 Cir.10/29/97), 702 So.2d 72, citing Butzman v. Louisiana Power and Light Co., Inc., 96-2073 (La.App. 4 Cir. 4/30/97), 694 So.2d 514. This court and other circuits have consistently held that, where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable. Carroll v. Holt, supra; Tucker v. American States Insurance, 31,970 (La.App. 2 Cir.9/22/99), 747 So.2d 620.
PVC pipe is intended to be used for water and gas plumbing. It is not intended to be used in the manner the two boys used it in this case. From |7the circumstances that gave rise to the injury in this case, we may surmise that the boys intended to shatter the pipe by striking it as though it were a baseball, much in the same way young boys will throw glass bottles against concrete to see it shatter. While this behavior is not surprising, reasonably prudent persons would not engage in such behavior. Reasonableness is the standard in this case. That weathered plastic of any kind becomes brittle and will shatter, as attested to in Mr. Giglio’s affidavit, is self-evident, which is equivalent to universal knowledge, and accordingly the risk of harm resulting from violently striking it is obvious and easily avoided. Accordingly, the PVC pipe did not pose an unreasonable risk of harm.
Because children sometimes do not act with the same degree of reasonableness as adults, the doctrine of attractive nuisance has evolved in torts. In Nguyen v. Crescent Land and Development Co., Inc., 88-CA-107 (La.App. 5 Cir. 6/7/88) 527 So.2d 456, writ denied, 88-C-2158 (La.11/11/88), 532 So.2d 769, a case somewhat similar to the instant case, the court rejected the applicability of the attractive nuisance doctrine. In that case, the parents of a deceased 10-year old minor child filed a tort suit against Crescent Land and Development Company, Inc. and its liability insurers for the boy’s wrongful death. The decedent child visited Crescent’s property with his friends and played in a pile of sand. After tunneling in the sand, he apparently crawled headfirst into the hole he had dug. While in the dug out space, the hole collapsed, trapping the young boy underneath the sand. He died of traumatic asphyxiation before he could be removed.
IsAfter trial, the jury rejected the Ngu-yens’ argument that Crescent owed a duty to their minor son not to create an unreasonable risk of harm by leaving a load of sand unguarded, or that Crescent acted negligently and unreasonably. The Ngu-yens appealed alleging that the trial court failed to apply the attractive nuisance doctrine.
On appeal, the Nguyens argued that Crescent should have guarded the load of sand or had it spread out immediately upon being dumped to avoid creating an unreasonable risk of harm. The court disagreed, concluding that Crescent’s conduct was reasonable and the existence of three and one-half to four feet of sand did not create an unreasonable risk of harm.
*835 The court also concluded that the attractive nuisance doctrine was inapplicable:
That unless a hidden trap or inherently dangerous instrumentality peculiarly attractive to children exists, there can be no application of the doctrine. Furthermore, not every instrument possibly dangerous to a child of tender years or which that child might be attracted to constitutes an attractive nuisance. In Patterson v. Recreation & Park Commission for the Parish East Baton Rouge, 226 So.2d 211 (La.App. 1 Cir.1969), the 1st Circuit stated: “Our own jurisprudence accords with the general rule that the principle in question is to be accorded limited application and employed only with caution. The reason for this rule is the tremendous burden placed on the property owner when the principle of attractive nuisance is held applicable. Moreover, the attractive nuisance rule is invoked only when the condition or agency causing injury is of such an unusual nature or character as to render it peculiarly attractive and alluring to children .... not every instrument possibly dangerous to a child of tender years, or which such a child might convert into a means of amusement, constitutes an attractive nuisance. On the contrary, for the attractive nuisance rule to apply, the instrumentality or condition must be of a nature likely to incite the curiosity of a child and fraught with such danger as to reasonably require precaution to prevent children from making improper use thereof. Generally courts exclude application of the rule to |9conditions or instruments not inherently dangerous or peculiarly attractive to children.” (Citations omitted).
Id. at 458.
The court of appeal concluded that the sand pile certainly did not contain hidden traps or unknown hazards. Consequently it did not create an unreasonable risk of harm sufficient to impose a duty on Crescent to guard the sand or immediately have it spread. The sand itself posed no threat to anyone; rather, its risk was created by the activity of the child, activity which the child should have been aware was dangerous. Nguyen v. Crescent Land and Development Co., Inc., supra. As one expert noted at trial: “It was not the sand that was dangerous, but was the action of the young boy digging a hole and climbing into it that was dangerous.”
The instant case as analogous to Nguyen v. Crescent Land and Development Co., Inc., supra. Leaving the PVC in or around the storage shed did not create hidden traps or unknown hazards, and consequently did not create an unreasonable risk of harm sufficient to impose a duty on the defendants to lock up the pipe. The PVC pipe, even in its brittle, weathered state, posed no threat to anyone; rather, it was the activity of the two boys that created the risk. The boys knew or should have known that striking the brittle pipe would send pieces flying and could result in injury. For these reasons, the attractive nuisance doctrine does not apply in this instance.
Conclusion
For the foregoing reasons, the rulings of the trial court granting the motions for summary judgment, and the judgments dismissing this suit are affirmed at plaintiffs cost.
AFFIRMED.

. It is not clear how this was accomplished, but one can reasonably speculate that the boys slid the hollow opening of the pipe over a narrower stick that they stuck upright from the ground.

. Ordinarily, an affidavit must be submitted with the motion for summary judgment and attached thereto, not with a brief in support of the motion. La. C.C.P. art. 966(A).

. The plaintiff must show that the owner or custodian of the thing that caused damage due to its ruin or a defect knew or should have known of the ruin or defect that caused the damage, that the exercise of reasonable care would have prevented the damage, and that the owner or custodian failed to exercise reasonable care. La. C.C. art. 2317.1.