NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-342

BOM BANK

VERSUS

ENGLAND ECONOMIC DEVELOPMENT AND INDUSTRIAL DISTRICT,

ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 264278
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Elizabeth A. Pickett, and Billy
H. Ezell, Judges.

APPEAL DISMISSED.

**Murphy James Foster, III**
**Carroll Devillier, Jr.**
**Breazeale, Sachse & Wilson**
**Post Office Box 3197**
**Baton Rouge, LA 70821**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **England Economic Development and Industrial District**

**Jimmy Roy Faircloth, Jr.**
**Mary Katherine Price**
**Faircloth Melton Sobel & Bash, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **BOM Bank**

**Brian K. Thompson**
**3600 Jackson Street, Suite 115 B**
**Alexandria, LA 71303**
**(318) 473-0052**
**COUNSEL FOR THIRD-PARTY/APPELLEE:**
     **Christopher Soprano**

**EZELL, Judge.**

This court, on its own motion, issued a rule to the Plaintiff-Appellant, BOM Bank, to show cause why the appeal in the above-captioned case should not be dismissed as having been taken from a non-appealable, interlocutory judgment. For the reasons that follow, we dismiss the appeal.

On May 24, 2017, BOM Bank, became the lessee under three leases it acquired by assignment in a bankruptcy proceeding. The leases provided for the operation of the Parc England Hotel and Bistro on the Bayou Restaurant. The three leases involved were the Bistro Restaurant Sublease ("Restaurant Agreement") and a Hotel Development Agreement and Hotel Ground Lease ("Hotel Agreements"). Defendant-Appellee, England Economic Development and Industrial District ("EEIDD") is the lessor. On February 20, 2019, BOM Bank filed suit against EEIDD for a declaration of its rights under the Restaurant Agreement and the Hotel Agreements and for damages for EEIDD's breach of its obligation to facilitate BOM Bank's assignment of the leases to experienced hotel and restaurant operators.

EEIDD filed its Third Amended Reconventional Demand on November 16, 2020, that restated its previous claims for termination of the Hotel Agreements and for damages, plus a demand for eviction of BOM Bank from the Parc England Hotel. BOM Bank alleges the demand for eviction is a summary proceeding that was improperly cumulated in its ordinary proceeding, and it filed a dilatory exception of improper cumulation. The trial court granted BOM Bank's exception and found EEIDD had improperly cumulated the summary eviction proceeding with the ordinary proceeding on January 7, 2021.

BOM Bank submitted a proposed judgment that ordered EEIDD's demand for eviction severed from the ordinary proceeding. EEIDD also filed a proposed judgment that allowed the eviction proceeding to be refiled into the ordinary proceeding but to be tried separately. The trial court first signed BOM Bank's judgment, but after review, signed EEIDD's judgment on January 22, 2021. That judgment sustained BOM Bank's dilatory exception of improper cumulation and ordered "that EEIDD's action for eviction shall be tried separately from the remaining claims in the above-captioned ordinary proceeding in accordance with La.Code Civ.P. art. 464[.]" It further ordered "that EEIDD shall amend its Third Amended Reconventional Demand to remove its demand for eviction and separately refile its action for eviction in the above-captioned suit number to be tried separately from the remaining claims[.]"

In response to the rule to show cause, BOM Bank states that it took a suspensive appeal of the judgment sustaining its own exception based on language from this court's decision in *Dietz v. Superior Oil Co.*, 13-657, p. 3 (La.App. 3 Cir. 12/1/3), 129 So.3d 836, 839:

> "A trial court's granting of a dilatory exception of prematurity and an exception of improper cumulation is a final judgment subject to a manifest error standard of review. *Pinegar v. Harris,* 08–1112 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081; *Lee v. Carruth,* 221 So.2d 548 (La.App. 3 Cir.), *writ denied,* 254 La. 470, 223 So.2d 873 (1969)."

BOM Bank acknowledges that the decision is unusual if not unprecedented.

The ruling in *Dietz* can be distinguished from the ruling before this court on appeal. In *Dietz*, the ruling resulted in the dismissal of the case, whereas the ruling in the instant case involves a preliminary matter and does not determine the merits

2

of the case in whole or in part.  *See* La.Code Civ.P. art. 1841; La.Code. Civ.P. art. 2083(C).

Accordingly, we find that the ruling at issue herein, the granting of BOM Bank's dilatory exception of improper cumulation, is a non-appealable, interlocutory ruling.  Accordingly, we hereby dismiss the instant appeal without prejudice at BOM Bank's cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.