338 So.2d 164 (1976)
Marion HUNTER, wife of/and Stephen J. Hunter, Jr., Plaintiffs-Appellants,
v.
EVERGREEN PRESBYTERIAN VOCATIONAL SCHOOL et al., Defendants-Appellees.
No. 13008.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
Rittenberg & Wilks by William E. Rittenberg, Dale C. Wilks, New Orleans, for plaintiffs-appellants.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendants-appellees.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
This is a wrongful death action filed by the parents of Stephen J. Hunter, III. The decedent, a moderately to severely retarded young man, drowned in a pond on the premises of Evergreen Presbyterian Vocational School, where he had been a student for three and one-half years. In a perceptive written option, the trial court rejected the plaintiffs' demands against the school, finding no breach of duty by the school or its personnel. We affirm.
Evergreen is a church sponsored vocational school offering a comprehensive *165 training program for young adults who are mentally, emotionally or socially handicapped. The school is located in a rural area of northwest Louisiana on a 400 acre tract of land, the main campus consisting of about 50 acres. Located on the campus are several ponds, adding aesthetically to the beauty of the campus and providing recreational value for fishing, a primary activity on the campus.
The training program is designed to help each student achieve his or her maximum level of success according to the student's potential and to develop good personal work habits and attitudes. Training is given in a variety of working experiences, such as carpentry, masonry, mechanics, maintenance, and domestic work. The goal for each student is to reenter society as a productive, useful and better adjusted individual.
Evergreen has no locks on doors and no fences. Students are generally allowed freedom to come and go within the campus without being constantly watched by school personnel. With a student-staff ratio of about 2 to 1, there is close, but not constant, supervision.
The decedent worked on the yard maintenance crew as part of his vocational training. Each work group had a staff supervisor. The supervisors, as a rule, did not stay continuously with the crews. At the time of the accident, the landscape staff supervisor was away from the area near the pond where the students were working, having left for a few minutes to have repairs made to his van. While he was gone, the decedent went into the pond, apparently to retrieve a yard tool, and drowned.
The conduct complained of is the failure of the school to provide continuous supervision of Stephen while he was working close to an unfenced pond. It is not difficult to conclude that the conduct complained of was a cause-in-fact of the accident. But for the existence of the pond and the absence of the supervisor, the accident probably would not have happened.
The next inquiry in making a determination of negligence and liability is to ascertain whether the school owed a legal duty which encompassed the particular risk that caused harm to the decedent. Jones v. Robbins, 289 So.2d 104 (La.1974). Evergreen undisputedly had a duty to use reasonable care to protect Stephen from harm. The principal issue in this case is whether the standard of care owed by the school to the decedent required continuous supervision throughout the working day. Plaintiffs argue that custodial care of severely retarded children requires continuous supervision, and that the school was aware that Stephen in particular needed such supervision.
Evergreen's duty to use reasonable care in this instance did not dictate continuous supervision. The school's policy to allow its students a certain amount of freedom consistent with their mental capacities was reasonable and necessary to the accomplishment of the school's purposes.
As to the duty owed Stephen in particular, he had been at Evergreen for three and one-half years. It was not shown that he received continuous supervision at any time during his stay. During those three and one-half years, he had given no indication that he was dangerous to himself. His only mishap came when he cut himself on the foot with a yard tool. This was not sufficient to give Evergreen notice that continuous supervision was necessary for Stephen's safety. Many times in the past Stephen had worked near and walked by the pond in which he drowned.
The educational advantages of providing the students some freedom and opportunity to learn self-reliance, and the quality-of-life advantages of the open-space rural environment in which the students lived and worked, far outweigh the risks of harm attendant thereto. The risks were minimal and were not unreasonable under the circumstances.
The duty of the school to provide reasonable care to protect the retarded student from harm did not include the duty of providing continuous supervision or the duty of enclosing the pond. The school's conduct did not create an unreasonable risk *166 of harm to the decedent, nor was the school's conduct substandard. There was no reach of the duty of reasonable care.
Plaintiffs attempt to invoke the attractive nuisance doctrine. Application of the attractive nuisance doctrine is nothing more than nomenclature given to a determination that a defendant has breached its duty of reasonable care for the safety of others by maintaining on its premises an unreasonable and foreseeable hazard to children or others with childlike judgment. Stanley v. Missouri Pacific Railroad Company, 179 So.2d 490 (La.App. 3d Cir. 1965). Considering the importance of the pond to the school program and the fact that the students, including Stephen, walked by and worked near the pond daily for years without incident prior to this tragic occurrence, the existence of the unguarded pond did not present an unreasonable and foreseeable hazard to the school's students.
Plaintiffs contend that the doctrine of res ipsa loquitur applies to this case. Res ipsa loquitur does not apply if there is sufficient, direct evidence explaining the occurrence and establishing the details of the negligence charged. King v. King, 253 La. 270, 217 So.2d 395 (1968). In this case there is sufficient direct evidence, without application of the doctrine, to establish the essential facts of how the accident occurred and the details of the conduct complained of as constituting negligence. We have concluded, however, that the conduct complained of did not constitute a breach of duty and was not negligence. Res ipsa loquitur is not applicable to this case.
The drowning accident was a tragic and unfortunate event, but it was not due to the fault of Evergreen or its employees. LSA-C. C.Art. 2315. Accordingly, and for the reasons assigned, the judgment of the district court is affirmed at appellants' costs.
Affirmed.