# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 16-851


**LARRY KEBODEAUX**

**VERSUS**

**NABORS DRILLING, LP, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20115874
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and David E. Chatelain\*, Judges.


**AFFIRMED.**


_____
 \* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Charles A. Cerise  Jr.**
**Robert Bernard Nolan**
**Adams & Reese**
**701 Poydras Street, Suite 4500**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **S.H.R.M. Catering Services, Inc.**

**Carol Stookey Hunter**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State of Louisiana, Board of Supervisors for University of Louisiana**
    **System**
    **University of Louisiana at Lafayette Marine Survival Training Center**

**Mark Louis Riley**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Larry Kebodeaux**

**Henry Harvey LeBas**
**F. Douglas Ortego**
**LeBas Law Office**
**201 Rue Iberville, Ste 100**
**Lafayette, LA 70508**
**(337) 236-5500**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **SeaBright Insurance Company**

**EZELL, Judge.**

Larry Kebodeaux appeals the decision of the trial court granting summary judgment in favor of the State of Louisiana, through the Board of Supervisors of the University of Louisiana System and the University of Louisiana at Lafayette Marine Survival Training Center (hereinafter referred to as ULL-MSTC). For the following reasons, we hereby affirm the decision of the trial court.

On October 8, 2010, Mr. Kebodeaux was a student at ULL-MSTC participating in a marine survival course required by his employer. Calvin Washington was likewise participating in the course that day. The training consisted of two parts: a classroom session and a pool session, where the information taught in the classroom would be put into effect. As part of the training, participants were taught how to enter the water from an offshore platform in case of an emergency. The students were instructed, both in the classroom and poolside, to look into the water to make sure there were no people or obstructions before entering the water. At the pool, students were specifically instructed to wait until the person who had entered the pool before them had cleared the way before jumping into the water. Mr. Kebodeaux entered the water as instructed, but before he could even return to the water's surface, Mr. Washington jumped in, landing on him. After Mr. Kebodeaux was taken to safety, Mr. Washington told him "My bad; I jumped too soon."

Mr. Kebodeaux filed the current suit against ULL-MSTC, an instructor at the school, Mr. Washington, and Mr. Washington's employer for injuries he alleges he sustained as a result of the accident. ULL-MSTC filed a motion for summary judgment, claiming that it had not breached any duty to Mr. Kebodeaux and that all fault for the accident belonged to Mr. Washington. The trial court

agreed, granting ULL-MSTC's motion for summary judgment and dismissing it from the suit with prejudice. From this decision, Mr. Kebodeaux appeals.

On appeal, Mr. Kebodeaux asserts one assignment of error, claiming that the trial court erred in finding that ULL-MSTC did not breach any duty of reasonable supervision to him under La.Civ.Code art. 2320. We disagree.

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966 (A)(2). "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3) The movant bears the burden of proof. La.Code Civ.P. art. 966(D)(1). "If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial." *Champagne v. Ward*, 03-3211, p. 5 (La. 1/19/05), 893 So.2d 773, 776 (citation omitted). "Thereafter, if the plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law." *Id*. at 776-77.

We apply the de novo standard of review in reviewing a district court judgment on a motion for summary judgment. *Gray v. Am. Nat'l Prop. & Cas. Co*., 07-1670 (La. 2/26/08), 977 So.2d 839. In our review, we shall use "the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer Inc.,* 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638.

The facts of this case are not in dispute. It is clear from the record, and from Mr. Kebodeaux's own deposition testimony, that Mr. Washington entered the water too soon, and admitted doing so. Mr. Kebodeaux claims that ULL-MSTC failed in its duty to supervise Mr. Washington. He cites as authority La.Civ.Code art. 2320, which reads, "Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence." However, that article goes on to state that "[i]n the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it." *Id.*

It is well established that a school, through its agents and teachers, is responsible for reasonable supervision over students. *Adams v. Caddo Parish Sch. Bd.,* 25,370 (La.App. 2 Cir. 1/19/94), 631 So.2d 70, *writ denied*, 94-684 (La. 4/29/94), 637 So.2d 466. However, the school is not the insurer of the safety of its students. *Id.* The supervision required is reasonable, competent supervision appropriate to the age of the students and the attendant circumstances. *Id.* "[C]onstant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision." *Id*. at 73.

In *Lemelle v. State, Through Bd. of Secondary & Elementary Educ*., 435 So.2d 1162 (La.App. 3 Cir. 1983), an adult vocational-technical student brought an action for damages against the school and others. There, the plaintiff alleged that he injured his knee when a sheet of steel he was moving, contrary to his teacher's instructions, fell on him. This court concluded that a twenty-nine-year-old mature adult should have been able to carry out his teacher's instructions without the need of supervision.

Similarly, in *Robinson v. Jefferson Parish Sch. Bd.*, 08-1224, 08-1225 (La. App. 5 Cir. 4/7/09), 9 So.3d 1035, *writ denied*, 09-1187 (La. 9/18/09), 17 So.3d 975, a twenty-year-old, mature young man drowned after being warned by an ROTC instructor not to go near a lake. The fifth circuit held that the man should have been able to carry out the instruction that the lake was off limits without the need of supervision, and that the trial judge there did not err in concluding that the Jefferson Parish School Board and its employees did not owe constant supervision to the deceased to ensure that he obeyed the instruction. That court found that there were no issues of material fact as to the Jefferson Parish School Board's liability.

Likewise, the duty to use reasonable care in this instance did not dictate continuous supervision of Mr. Washington. *See Hunter v. Evergreen Presbyterian Vocational Sch.*, 338 So.2d 164 (La. App. 2 Cir. 1976). It is clear from the record that ULL-MSTC provided unquestionably clear instructions that Mr. Washington, a fully grown and functional man, should have been able to follow. Mr. Washington, by his own admission, failed to follow the simple instructions given and jumped into the water before Mr. Kebodeaux was clear. ULL-MSTC did not owe Mr. Kebodeaux constant supervision over Mr. Washington to ensure that he obeyed the instruction. There is no evidence in the record to support a finding of inadequate supervision on the part of ULL-MSTC. The trial court committed no error in its findings.

For the above reasons, the decision of the trial court granting summary judgment in favor of ULL-MSTC is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Kebodeaux.

**AFFIRMED.**